UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRON B. SPRINGFIELD, | No. 2:22-cv-00568 TLN AC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ROBERT BURTON, | |
| Respondent. | |

Petitioner is a former state inmate proceeding pro se and in forma pauperis in this habeas corpus action challenging the California Department of Corrections and Rehabilitation's computation of his eligibility for a youthful offender parole hearing. Petitioner filed a change of address on August 10, 2023 indicating that he had been released from confinement. On October 13, 2023, the undersigned ordered petitioner to show cause why his habeas corpus petition should not be dismissed as moot based upon his release from custody. ECF No. 18. Petitioner has not responded to the order to show cause and the time period in which to do so has expired. Based on a review of petitioner's claims, the court finds that the instant action is moot.

The case or controversy requirement of Article III, § 2, of the Constitution requires that the parties continue to have a personal stake in the outcome throughout all stages of the proceedings. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-478 (1990). This means that, throughout the litigation, a plaintiff or petitioner "must have suffered, or be threatened with, an

actual injury… likely to be redressed by a favorable judicial decision." Id. at 477.  When the relief sought is no longer available, the case becomes moot.  See Weinstein v. Bradford, 423 U.S. 147, 149 (1975).

When a habeas petitioner challenges the validity of his conviction and resulting sentence, completion of the sentence does not moot the case because the collateral consequences of conviction create a continuing case or controversy.  Chacon v. Wood, 36 F.3d 1459, 1463 (9th Cir. 1994).  This principle has no application here, however, because the petition does not challenge petitioner's conviction but only his eligibility for parole consideration as a youthful offender.[1]  It is well established that the collateral consequences doctrine is limited to habeas petitions challenging the underlying criminal conviction.  See Spencer v. Kemna, 523 U.S. 1 (1998) (collateral consequences doctrine does not apply to habeas case challenging parole revocation); Wilson v. Terhune, 319 F.3d 477, 480 (9th Cir. 2003) (collateral consequences doctrine does not apply to habeas case challenging prison disciplinary proceeding).  Here, the mootness analysis follows straightforward Article III principles.  The case no longer presents a case or controversy because the relief sought by the petition—a youthful offender parole hearing—is not longer available.  Accordingly, the action is moot.

For these reasons, the undersigned recommends denying petitioner's habeas corpus petition and his motion to amend (ECF No. 18) as moot.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's application for a writ of habeas corpus (ECF No. 1) and motion to amend the petition (ECF No. 17) be denied as moot based upon petitioner's release from confinement.

2. Respondent's motion to dismiss (ECF No. 15) be denied as unnecessary.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

---

[1] Petitioner's § 2254 challenge to his conviction has been denied on the merits.  Springfield v. Lozano, 2023 WL 4316774 (C.D. Cal. July 3, 2023) (adopting F&R).

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).   Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 6, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE